The Honorable Sharon Trusty State Senator Post Office Box 9026 Russellville, AR 72811-9026
Dear Senator Trusty:
I am writing in response to your request for my opinion on several questions concerning a medically retired police officer. Because you have referred to a previous Attorney General Opinion involving a local pension and relief fund, I am assuming that your questions pertain to an officer who is retired for disability pursuant to A.C.A. § 24-11-423 (Repl. 2002). Your questions are as follows:
 1. If an officer is currently retired from a police agency due to a medical disability, can he be employed with a different agency as a certified police officer?
 2. Is the officer entitled to receive medical-retirement benefits from the first police agency while working for another agency as a certified officer?
 3. Can a police officer actively join the LOPFI retirement system and accrue benefits when he is currently receiving benefits from another police agency for a medical-disability retirement?
RESPONSE
With regard to your first question, there is no proscription against such employment; but the employment calls into question the officer's continued eligibility for disability retirement benefits. This leads to your second question, the answer to which is "no" if the officer has recovered from the disability such that benefits must cease in accordance with A.C.A. § 24-11-423. The board of trustees of the local pension fund must make this determination. In response to your third question, there is no provision of law that would prohibit the medically retired officer from joining LOPFI and accruing credited service in that system. But the same question arises regarding the payment of disability benefits to someone who has returned to police service.
Question 1 — If an officer is currently retired from a police agency dueto a medical disability, can he be employed with a different agency as acertified police officer?
There is nothing in the law that would preclude the disability retiree's employment as a certified officer with a different agency. Cf. Op. Att'y Gen. 2005-035 (and opinions cited therein regarding the absence of any proscription against former employees returning to work, or officials returning to elective office). The answer to your bare question is therefore "yes." It must be recognized, however, that the continuation of the medically retired officer's disability benefits would be subject to question under this scenario. Indeed, this scenario should not occur if, as your question appears to suggest, the officer has recovered from his or her disability. As discussed in response to your second question, the disability pension should have ceased if the officer had recovered. If it is to be assumed, however, that the benefits nevertheless continue to be paid, and your question is whether the law prohibits this individual from being employed as a certified officer by a different agency, it is my opinion that there is no such prohibition.
Question 2 — Is the officer entitled to receive medical-retirementbenefits from the first police agency while working for another agency asa certified officer?
No provision of law mandates that disability benefits must automatically cease under this, or any other scenario. The posited fact that the disability retiree is working as a "certified officer" for another agency certainly suggests that he or she would be ineligible for continued disability benefits. But ultimately this matter must be decided by the board of trustees of the local fund that is paying the benefits. See Op. Att'y Gen. 1997-224 at n. 1. The board is the entity that has been vested with the power and duty to determine whether the individual has recovered from the disability such that benefits must cease in accordance with A.C.A. § 24-11-423.
Section 24-11-423 provides in relevant part:
 (a)(1) If any member of the police department shall become physically or mentally permanently disabled, and this fact is certified to by the physician on the board of trustees, he shall be entitled to retire and receive a pension as provided herein. The board may first require that a second evaluation be performed by another physician to be named by the trustees. No member shall be retired for disability for natural causes unless he has served at least five (5) years.
* * *
 (c)(1) If any member is retired because of any disability, it shall be the duty of the member to have an examination made of himself by the physician on the board of trustees at least once every six (6) months, and, if he shall have recovered from the disability, it shall be the duty of the board of trustees to stop the payment of the pension and to place the member back in service on the police department.
* * *
 (d)(1) In addition to the examination required by subsection (c) of this section, the board of trustees may require the member to have an examination made of himself by a physician named by the board no more often than once every six (6) months, and, if the physician determines that the member has recovered from the disability, it shall be the duty of the board of trustees to stop the payment of the pension and to place the member back in service on the police department.
A.C.A. § 24-11-423 (Repl. 2003).
The question, therefore, is whether the member who became "physically or mentally permanently disabled" (id. at (a)(1)), has "recovered from the disability" as determined by either the physician on the local board of trustees or a physician named by the board (id. at (c) and (d)). If the officer has recovered, the benefits must cease; and the board is obliged to place the officer back in service.
It should also be noted in this regard, as one of my predecessors had occasion to observe, that the standards by which members of a local pension fund are determined to be "disabled" under A.C.A. § 24-11-423, are determined by the local board of trustees. Op. Att'y Gen. 1997-224 at n. 1, citing McCarty v. Board of Trustees, 45 Ark. App. 102, 872 S.W.2d 74
(1994).[1]
Question 3 — Can a police officer actively join the LOPFI retirementsystem and accrue benefits when he is currently receiving benefits fromanother police agency for a medical-disability retirement?
Retirees who return to work are not prohibited by law from joining other retirement systems and continuing to draw benefits from their former retirement systems. See Op. Att'y Gen. No. 1996-212. Accordingly, the answer to this question regarding the ability to join LOPFI is "yes." The premise of the question prompts the same concerns, however, regarding the payment of disability benefits to someone who has returned to police service. I refer you to the above discussion in this regard.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] As you have noted, Attorney General Opinion 1997-224 involved the re-certification of a medically retired police officer as a drug task force investigator, the question being whether this individual's ability to perform other work meant that he was deemed no longer disabled, and thus no longer entitled to benefits under A.C.A. § 24-11-423. Id. at 3-4. The opinion states that "disability benefits under A.C.A. §24-11-423 are to cease only when the individual receiving those benefits is deemed capable of returning to service in the police department." Id.
at 4. Because the question pertained to someone who was "not physically able to return to work as a police officer," the conclusion was that this person remained disabled within the meaning of § 24-11-423 and was entitled to continue receiving benefits.
This opinion should not be taken to suggest a fortiori that someone who has been employed elsewhere as a certified officer is deemed to have "recovered from the disability" for purposes of § 24-11-423. As noted above and as reflected by the case cited in Op. 1997-224, the local board must instead make this determination based upon the applicable standards for judging the individual's disability, possibly with reference to particular physical requirements or job descriptions. See McCarty, supra
(involving the disability claim of a licensed police officer in the City of Little Rock).